UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA EX REL. LAWRENCE MCCARTHY, | ) ) ) | |
| Relator-Plaintiff, | ) ) | |
| v. | ) ) | Case No. 11-cv-7071 |
| MARATHON TECHNOLOGIES, INC., SIGMATEK, INC. d/b/a MTI SIGMATEK, and JERRY KOZLOWSKI, | ) ) ) ) | |
| Defendant. | ) ) | Judge Sharon Johnson Coleman |

**MEMORANDUM OPINION AND ORDER**

Relator-plaintiff, Lawrence McCarthy ("relator"), filed a six-count complaint under the False Claims Act ("FCA"), 31 U.S.C. § 3729 *et seq.* on behalf of the United States of America against corporate defendants Marathon Technologies, Inc. ("Marathon") and Sigmatek, Inc. ("Sigmatek"), and the president and owner of Marathon and Sigmatek, Jerry Kozlowski. Relator claims that the defendants knowingly violated the terms of two contracts with the United States government and knowingly submitted false claims for payment. Relator moves to strike portions of Marathon and Sigmatek's answer and affirmative defenses pursuant to Federal Rule of Civil Procedure 12(f). Relator also moves to dismiss Marathon and Sigmatek's counterclaims pursuant to Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). For the reasons stated below, the motions [40] are granted in part and denied in part.

**Background**

This Court set forth the factual allegations more fully in its Order of September 30, 2014, granting in part and denying in part defendants' motion to dismiss the complaint. *See* Dkt. 32. Relator McCarthy was a Buyer-Purchasing Manager, and later, Administrator/Internal Auditor/Management Representative at Marathon, and was responsible for the certification

1

processes and internal auditing related to the quality assurance of Marathon's gun mounts and tripods. During his employment, Relator asserts that he discovered that Marathon had not complied with various contract requirements for the gun mounts and learned that they had fraudulently obtained SBA certification in order to be awarded the contract for the tripods.

Marathon and Sigmatek filed an Answer, including ten affirmative defenses and two counterclaims against relator. (Dkt. 39). The affirmative defenses are as follows:

1. "The Complaint fails to state a claim upon which relief may be granted."

2. "To the extent any penalties the Relator seeks are excessively greater than actual damages, such penalties violate the United States Constitution."

3. "Relator is not entitled to the share of any recovery he seeks because he planned and initiated any violations of the False Claims Act."

4. "Relator's claims are barred because the United States knew of, ratified or otherwise consented to the transactions or occurrences that are the subject of the Complaint."

5. "Relator's claims are barred by waiver and/or estoppel."

6. "Relator's claims are barred by laches."

7. "Relator's *qui tam* claims for damages are barred because the United States suffered no damages."

8. "Relator's claims are barred by the doctrine of primary jurisdiction."

9. " Relator's claims are barred by his failure to exhaust administrative remedies."

The two-Count counterclaim includes breach of contract and conversion based on the alleged removal or destruction of documentation related to ISO9001 certifications, audits, and reports for Marathon and Sigmatek.

**Legal Standard**

Pursuant to Rule 12(f), the court "may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed.R.Civ.P. 12(f). Affirmative defenses are subject to the pleading requirements of the Federal Rules of Civil Procedure and therefore they must set forth a "short and plain statement" of the material elements of the defense asserted and not merely bare recitations of the elements. *See Renalds v. S.R.G. Restaurant Group,* 119 F.Supp.2d 800, 802 (N.D. Ill. 2000). An affirmative defense is an admission of the facts alleged in the complaint, coupled with an assertion of some other reason that the defendant is not liable. *See, e.g., Bobbitt v. Victorian House, Inc.,* 532 F.Supp. 734, 736 (N.D. Ill. 1982). "Motions to strike are not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *Williams v. Jader Fuel Co.*, 944 F.2d 1388, 1400 (7th Cir. 1991) (internal citations omitted).

In order to withstand a motion to dismiss pursuant to Rule 12(b)(6), the allegations must contain sufficient factual material that, when accepted as true, state a claim that is plausible on its face. *Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 570 (2007). When considering a motion to dismiss, the Court accepts as true all well-pleaded facts and draws all reasonable inferences in the light most favorable to the non-moving party. *Pisciotta v. Old Nat'l Bancorp,* 499 F.3d 629, 633 (7th Cir. 2007).

**Discussion**

*1. Motion to Strike*

This Court will first address relator's motion to strike defendants' answers. Relator moves to strike three "sets" of paragraphs in defendants' answer. First, relator objects to paragraphs 1, 13, 15, 41, 42, 43, 44, 45, 50, 51, 60, 101, 111, 120, 121, 122, 128, 134, 136, 138, 139, 147, 148, 150, 151, 158, 159, 177, 178, 185, and 186 because defendants state that they decline to respond because the

3

corresponding allegations in the complaint state a legal conclusion. Second, relator objects to paragraphs 38, 41, 42, 43, 44, 45, 53, 54, 55, 56, 75, 82, 89, 96, 99, 100, 101, 102, 111, 112, 118, 119, 120, 121, 122, 123, 124, 125, 140, 141, 142, 144, 145, 151, 159, 178, and 186 because defendants state that the corresponding paragraphs of the complaint refer to documents and the documents are the best evidence of their contents rather than relator's characterization of the documents. Third, relator objects to paragraphs 15, 30, 31, 32, 33, 34, 36, 37, 38, 39, 41, 42, 43, 44, 45, 49, 50, 51, 52, 53, 54, 78, 85, 91, 92, 98, 128, 130, and 131 because defendants responded that they "lack information sufficient to form a conclusion as to the truth or falsity of the allegations… and therefore, deny those allegations."

Rule 8 governs what constitutes an insufficient defense subject to strike. Rule 8(b) requires an Answer to "admit or deny the allegations asserted against it by an opposing party." Fed. R. Civ. P. 8(b)(1)(B). Further, "[a] denial must fairly respond to the substance of the allegation," but a "party that intends in good faith to deny all the allegations of a pleading… may do so by general denial…". *Id.* at 8(b)(2), (b)(3). "A party that lacks knowledge or information sufficient to form a belief about the truth of an allegation must so state, and the statement has the effect of a denial." *Id.* at 8(b)(5). This Court having reviewed defendants' answer in this case finds that defendants have complied with the pleading requirements of Rule 8. Each of the paragraphs in question provides a denial of the kind accepted under the rules. Accordingly, relator's motion to strike certain paragraphs of the answer is denied.

Next, the Court turns to relator's motion to strike defendants' affirmative defenses. This Court finds the first affirmative defense based on the complaint's failure to state a claim is unnecessary and redundant. Some courts in this district have found that there is authority in the Federal Rules for failure to state a claim to be asserted as an affirmative defense. *See Reis Robotics USA, Inc. v. Concept Indus., Inc.,* 462 F. Supp. 2d 897, 905 (N.D. Ill. 2006). Technically, failure to state

4

a claim does not meet the Rule 8(a) standard for pleading. However, in striking the first defense this Court is not shifting the burden of adequately pleading the complaint away from the relator. Moreover, striking an affirmative defense does not necessarily preclude the party from asserting or arguing its substantive merits later in the case. *Palomares et al v. Second Federal Savings & Loan Ass'n of Chicago*, 2011 U.S. Dist. LEXIS 56949, *5 (N.D. Ill. May 25, 2011)(citing *Instituto Nacional De Comercializacion Agricola (Indeca) v. Cont'l Ill. Nat'l Bank & Trust Co.*, 576 F. Supp. 985, 988 (N.D. Ill. 1983)).

Relator asks this Court to strike the remaining nine affirmative defenses because they fail to meet the three-part test courts employ to evaluate the legal sufficiency of affirmative defenses. Courts evaluate affirmative defenses subject to a motion strike with the following three-part test:

> "(1) the matter must be properly pleaded as an affirmative defense; (2) the matter must be adequately pleaded under the requirements of Federal Rules of Civil Procedure 8 and 9; and (3) the matter must withstand a Rule 12(b)(6) challenge -- in other words, if it is impossible for defendants to prove a set of facts in support of the affirmative defense that would defeat the complaint, the matter must be stricken as legally insufficient." *Sayad v. Dura Pharms., Inc.*, 200 F.R.D. 419, 421 (N.D. Ill. 2001).

This Court grants the motion to strike with leave to replead the remaining nine affirmative defenses because they are bare bones recitals of defenses without adequate factual enhancement to withstand a Rule 12(b)(6) challenge.

*2. Motion to Dismiss the Counterclaim*

   *A. Subject Matter Jurisdiction*

Relator first moves to dismiss defendants' two-count state law counterclaim asserting that this Court lacks subject matter jurisdiction. Count I of the counterclaim alleges breach of contract, and count II alleges conversion. Federal Rule of Civil Procedure 13 allows the defending party to bring a counterclaim against the plaintiff as part of the same lawsuit. Counterclaims are either compulsory or permissive. Fed. R. Civ. P. 13; *See Burlington N. R. Co. v. Strong,* 907 F.2d 707, 711 (7th

Cir. 1990). Rule 13(a) governs compulsory counterclaims, requiring defendants to bring any claim that the defendant has against the plaintiff that arises out of the same transaction or occurrence as the plaintiff's claim. Fed. R. Civ. P. 13(a). In order for a counterclaim to be compulsory, it must be "logically related" to the claim asserted by the plaintiff. *Gilldorn Sav. Ass'n v. Commerce Sav. Ass'n,* 804 F.2d 390, 396 (7th Cir. 1986); *see, e.g, Inforizons, Inc. v. VED Software Servs., Inc.,* 204 F.R.D. 116, 119 (N.D. Ill. 2001).

Here, defendants' counterclaim asserts that this Court has supplemental jurisdiction under 28 U.S.C. § 1367 over the state law claims for breach of contract and conversion because they arise from the same operative facts as the relator's claim. This Court agrees. Defendants' breach of contract and conversion claims allege that the same documents that McCarthy used to support his whistleblower case were either removed or destroyed in violation of his employment agreement with Marathon and Sigmatek. Specifically, the documents that McCarthy is alleged to have removed are documentation related to the ISO9001 certification, audits, and reports that relate to the government's audit concerning the gun mounts, tripods, and HUBZone qualification. Therefore, it appears from the face of the pleadings that the allegations in the counterclaim are logically related to relator's complaint. Accordingly, defendants' counterclaim is compulsory and this Court has supplemental jurisdiction over the state law claims.

### B. *Sufficiency of the pleading*

Relator also moves to dismiss both counts of the counterclaim pursuant to Rule 12(b)(6) for failure to state a claim upon which relief can be granted. Relator argues that defendants fail to state a claim for breach of contract because the allegations in the counterclaim do not give relator adequate notice of the terms or conditions of the agreement; whether the agreement was oral or written; the date the agreement was entered; substantial performance of the agreement by defendants; and, what damages, if any, defendants have suffered. Relator argues that the conversion claim is similarly

6

lacking in factual basis.

In order to state a claim for breach of contract under Illinois law, defendants must allege in their counterclaim: (1) the existence of a valid and enforceable contract; (2) substantial performance by the party alleging breach; (3) a breach; and (4) damages resulting from the breach. *Reger Dev., LLC v. Nat'l City Bank,* 592 F.3d 759, 764 (7th Cir. 2010). Here, defendants have adequately alleged breach of contract to withstand dismissal. The counterclaim alleges that McCarthy entered an agreement with Marathon and Sigmatek not to remove or destroy information belonging to Marathon or Sigmatek and to return any such documentation upon the termination of his employment. Defendants further allege that McCarthy breached this agreement by removing documentation related to ISO9001 certifications, audits, and reports from the Marathon offices and failed to return said documents upon the termination of his employment. Defendants also claim damages from the alleged removal or destruction of documentation, including costs associated with paying a third party to recreate the documents. These allegations are sufficient to put McCarthy on notice of claim against him for breach of contract.

For defendants' conversion claims to survive dismissal, under Illinois law, they must allege: (1) an unauthorized and wrongful assumption of control, dominion, or ownership by McCarthy over Marathon and Sigmatek's personal property; (2) Marathon and Sigmatek's right in the property; (3) Marathon and Sigmatek's right to the immediate possession of the property, absolutely and unconditionally; and (4) a demand for possession of the property. *See Cohen v. Am. Sec. Ins. Co.,* 735 F.3d 601, 614 (7th Cir. 2013) (collecting Illinois cases). The counterclaim contains sufficient facts, when viewed in the light most favorable to defendants, for this Court to infer the first three elements of a conversion claim. However, the allegations are fairly bare and there are no facts suggesting that defendants demanded return of the documents. Accordingly, this Court dismisses Count II of the counterclaim without prejudice.

**Conclusion**

  Based on the foregoing discussion, this Court grants in part and denies in part relator's Motion to Strike portions of the answer and affirmative defenses and grants in part and denies in part the Motion to Dismiss the counterclaim.

IT IS SO ORDERED.

Date: April 22, 2015

            Entered: _____
                 SHARON JOHNSON COLEMAN
                 United States District Judge